UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BOBBY LEE KENNEDY,

    Plaintiff,

       v.                     CAUSE NO. 3:22-CV-868-JD-MGG

CARL KUENZLI,

    Defendant.

OPINION AND ORDER

Bobby Lee Kennedy, a prisoner without a lawyer, filed a complaint, and then later a motion for injunctive relief, which the court will construe as a motion for a preliminary injunction. ECF 1, ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Kennedy alleges that he was assaulted by other inmates at Miami Correctional Facility on April 18, 2022. He went to the medical facility two days later with a broken jaw. Nurse Cynthia Ejoh, who is not a defendant here, noted that the left side of his face was "swollen and deformed." ECF 1 at 2.  Kennedy says that he informed her he was experiencing extreme pain and was unable to eat. The nurse attempted to contact

Dr. Kuenzli without success, so she prescribed Kennedy pain medication and Ensure, a liquid meal replacement.

Kennedy further alleges that after a month of complaining that the medication was not helping and that the pain was getting worse, he was finally sent to get an MRI at an outside hospital. He does not say what that MRI revealed. Kennedy continued to suffer excruciating pain and alleges he complained about it to nursing staff. Dr. Kuenzli reportedly said that for his jaw to be fixed, he needed all his teeth pulled. Kennedy, thus, allowed the prison dental staff to pull his teeth. But when he next saw the outside medical personnel, they told him he did not need his teeth pulled and denied ever recommending that procedure. The outside doctors also said that because of the delay in treatment, they could no longer fix his jaw. Kennedy alleges that after five months he is still experiencing extreme pain and is not able to chew due to his jaw healing incorrectly.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have

2

known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham,* 394 F.3d 469, 478 (7th Cir. 2005).

The court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (citation and quotation marks omitted). Nevertheless, ignoring an inmate's complaints of pain or delaying in providing necessary treatment can amount to deliberate indifference, particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). Giving Kennedy the inferences to which he is entitled, he states a claim against Dr. Kuenzli for delaying the necessary treatment for his serious medical condition for five months. Kennedy may also proceed on a claim that Dr. Kuenzli unnecessarily recommended that his teeth be pulled for no medical reason.

Kennedy also names LeaHanne Ivers and Lyn Lees as defendants. However, these defendants are not mentioned in the body of the complaint, and it is unclear what personal involvement either had in Kennedy's care. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (personal involvement is necessary for individual liability under 42 U.S.C. § 1983). Therefore, these defendants will be dismissed.

Kennedy later filed a Motion for Injunctive Relief. ECF 6. In that motion, he alleges that he is not receiving a proper diet. He says that after his broken jaw was

diagnosed, he was switched from a regular diet to a liquid and dental soft diet because he was unable to chew. That diet consisted of six Ensures and a dental soft tray that should contain food that he can eat without chewing. However, he then began receiving only four Ensures and the supposedly dental soft food trays contained solid foods that he could not eat. He complained to the doctor and was put back on six Ensures a day, but now he is back to receiving only four. This is the equivalent, he says, of receiving only two meals a day instead of three. He asks to be transferred to another facility where he could receive better care. The court construes this motion as one for a preliminary injunction.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of

4

all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must conduct an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions—"those requiring an affirmative act by the defendant"—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining the strict limitations on granting injunctive relief under the Prison Litigation Reform Act). This means that injunctive relief, if granted, will be limited to ordering that Kennedy be provided with constitutionally adequate care.

Under the Eighth Amendment, inmates are entitled to adequate food to meet their nutritional needs. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). It appears that Kennedy's nutritional needs are not currently being met. The Warden of Miami

Correctional Facility has both the authority and the responsibility to ensure that inmates at his facility are provided constitutionally adequate care as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Kennedy will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for injunctive relief related to his ongoing need for a constitutionally adequate diet. The court will order the Warden to respond to the preliminary injunction motion before taking further action on it.

For these reasons, the court:

(1) CONSTRUES the Motion for Injunctive Relief (ECF 6) as a motion for Preliminary Injunction and DIRECTS the clerk to edit the docket accordingly;

(2) DIRECTS the clerk to add the Warden of Miami Correctional Facility as a defendant;

(3) GRANTS Bobby Lee Kennedy leave to proceed against the Warden in his official capacity for injunctive relief related to his ongoing need for a constitutionally adequate diet that is medically appropriate as required by the Eighth Amendment;

(4) GRANTS Bobby Lee Kennedy leave to proceed against Dr. Carl Kuenzli in his individual capacity for compensatory and punitive damages for delaying treatment of his broken jaw, resulting in permanent damage, in violation of the Eighth Amendment;

(5) GRANTS Bobby Lee Kennedy leave to proceed against Dr. Carl Kuenzli in his individual capacity for compensatory and punitive damages for recommending unnecessarily that his teeth be pulled;

(6) DISMISSES all other claims

(7) DISMISSES Leahanne Ivers and Lyn Lees;

(8) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of Miami Correctional Facility at the Indiana Department of Correction, with a copy of this order, the complaint (ECF 1), and the preliminary injunction motion (ECF 6);

(9) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Carl Kuenzli at Centurion Health of Indiana, LLC, with a copy of this order, the complaint (ECF 1), and the preliminary injunction motion (ECF 6);

(10) DIRECTS the clerk to fax or email a copy of this order, the complaint (ECF 1), and the preliminary injunction motion (ECF 6) to the Warden of Miami Correctional Facility at the Miami Correctional Facility;

(11) ORDERS the Indiana Department of Correction and Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(12) ORDERS the Warden of Miami Correctional Facility to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **December 15, 2022**, with supporting documentation and declarations from staff as necessary, addressing the status of the plaintiff's need for a soft foods diet as well as the actual provision of such diet;

(13) **ORDERS** under 42 U.S.C. § 1997e(g)(2), the Warden of Miami Correctional Facility and Dr. Carl Kuenzli to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 17, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT