UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BOBBY LEE KENNEDY,

Plaintiff,

v.                                    CAUSE NO. 3:22-CV-868-JD-JPK

CARL KUENZLI,

Defendant.

## OPINION AND ORDER

Bobby Lee Kennedy, a prisoner without a lawyer, is proceeding in this case against Dr. Carl Kuenzli "for delaying treatment of his broken jaw, resulting in permanent damage, in violation of the Eighth Amendment," and "for recommending unnecessarily that his teeth be pulled[.]" ECF 8 at 6. On April 13, 2023, Dr. Kuenzli filed a motion for summary judgment,[1] arguing Kennedy did not exhaust his administrative remedies before filing this lawsuit. ECF 44. With the motion, Dr. Kuenzli provided Kennedy the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 47. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

---

[1] Dr. Kuenzli titles his summary judgment motion as a motion for "partial" summary judgment, and states he is not seeking summary judgment on Kennedy's claim "regarding the discontinuation of his Ensure[.]" ECF 45 at 4. But Kennedy is not proceeding against Dr. Kuenzli on a claim regarding the discontinuation of his Ensure, but rather was proceeding against the warden on that claim before it was dismissed as moot. *See* ECF 8 at 6; ECF 36. Thus, Dr. Kuenzli is seeking summary judgment on each of Kennedy's remaining claims in this lawsuit.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed almost five months ago, but Kennedy has not responded. Therefore the court will now rule on Dr. Kuenzli's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim

on the merits, even if the prisoner exhausts intra-prison remedies before judgment."

*Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added).

Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the

burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Dr. Kuenzli provides an affidavit from the prison's Grievance Specialist and

Kennedy's grievance records, which show the following facts:[2] On September 30, 2022,

Kennedy submitted a grievance complaining he was assaulted on April 18, 2022,

resulting in a broken jaw ("September 30 grievance"). ECF 46-1 at 3, 24. He asserted he

was seen by medical on April 20, 2022, and given a special diet to receive Ensure

nutritional shakes, which he took until the diet was abruptly cut off on September 27,

2022. *Id.* As relief, Kennedy requested he be "given back" his special diet and continue

to receive Ensure nutritional shakes. *Id.* On October 10, 2022, the grievance office

rejected Kennedy's September 30 grievance as untimely because he submitted it more

than ten business days after April 20, 2022. *Id.* at 3, 23. On October 7, 2022, Kennedy

filed a new grievance complaining food vendor Aramark was not supplying him with

the "dental soft" food trays he had been prescribed for his broken jaw. *Id.* at 3-4. The

grievance office logged this grievance as Grievance 146580 and denied it on its merits.

*Id.* at 4, 22. Kennedy did not appeal the grievance office's denial of Grievance 146580,

---

[2] Because Kennedy has not responded to Dr. Kuenzli's summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Kennedy's grievance records as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

which was a necessary step to exhaust the grievance. *Id.* at 4, 22. Kennedy filed no other grievances relating to his pain medications or his teeth being pulled. *Id.* at 4.

Here, Dr. Kuenzli has provided undisputed evidence Kennedy did not exhaust any relevant grievance before filing this lawsuit. Specifically, Dr. Kuenzli provides evidence Kennedy submitted only two grievances during the relevant timeframe, and neither of these grievances exhausted his claim against Dr. Kuenzli. Specifically, Kennedy's September 30 grievance complained he stopped receiving Ensures in September 2022, and Grievance 146580 complained Aramark stopped providing him soft food trays in October 2022. ECF 46-1 at 3-4, 24. Neither of these grievances related to Dr. Kuenzli or put the prison on notice as to Kennedy's claims that Dr. Kuenzli delayed treatment of his broken jaw or unnecessarily recommended his teeth be pulled. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (holding that exhaustion is designed to provide the prison with notice of the problem and give them an opportunity to fix it); *King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023) (An inmate's grievance is sufficient to exhaust a claim only if it raises the same claim as the lawsuit and provides enough information to indicate that the defendant is the target). The Grievance Specialist attests Kennedy did not submit any other relevant grievances, and Kennedy provides no evidence disputing that attestation.

Accordingly, because the undisputed facts show Kennedy never submitted any grievance related to his claims that Dr. Kuenzli delayed treatment of his broken jaw or unnecessarily recommended his teeth be pulled, Dr. Kuenzli has met his burden to

show Kennedy did not exhaust his administrative remedies before filing this lawsuit.

Summary judgment is therefore warranted in favor of Dr. Kuenzli.

For these reasons, the court:

(1) GRANTS Dr. Kuenzli's motion for summary judgment (ECF 44); and

(2) DIRECTS the clerk to enter summary judgment in favor of Dr. Kuenzli and against Bobby Lee Kennedy and to close this case.

SO ORDERED on October 12, 2023

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT